# UNITED STATES DISTRICT COURT
# FLORIDA MIDDLE DISTRICT COURT
# TAMPA DIVISIONAL OFFICE

| | | |
|---|---|---|
| Robert F. Hart | ) | *8:06-CV-00468-T-17MSS* |
| Plaintiff | ) | |
| | ) | Fair Debt Collection Practices |
| Vs. | ) | Act 15 U.S.C. § 1692 |
| | ) | |
| Chase Manhattan Bank, | ) | Title 18 U.S.C. § 1341 |
| First North American National | ) | |
| Bank, Andrea Williams, | ) | Title 39 U.S.C. §§ 3001 (d) (h) (i) And |
| Nicole Carter, Central Credit | ) | 3005 |
| Services, Inc., John Patrick, | ) | |
| Dan Cook, American Coradius, | ) | Florida Title 13, Chapter 494 |
| Inc., Michael Gallion, Hudson & | ) | Florida Title 13, Chapter 501 |
| Keyse, LLC, Steven R. | ) | |
| Mitchell, Behar, Gutt, & | ) | |
| Glazer, P.A., Ryan D. | ) | |
| Gesten, Esquire, John Doe, | ) | |
| Jane Doe, One Up | ) | |
| | ) | |
| Defendants | ) | |

## I.    COMPLAINT AND DEMAND FOR JURY TRIAL

### UNLAWFUL DEBT COLLECTION

1. This is an action for damages brought forth by Robert F. Hart (hereinafter 'Plaintiff Hart' or 'Plaintiff'), an individual consumer, against the above captioned Defendants, severally and collectively for violation(s) of the following acts;

   a. The Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. [hereinafter the 'FDCPA'];

   b. Title 18 U.S.C. § 1341.

1

   c. Title 39 U.S.C.§§ 3001(d),(h),(i), and 3005.

   d. Florida Title 13, Chapter 494 and Florida Title 13, Chapter 501

## II . JURISDICTION

2. Jurisdiction of this Court arises under Title 15 U.S.C. § 1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. § 1337 and 28 U.S.C. § 1331 provide supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367, and Declaratory Relief is available pursuant to Title 28 U.S.C. § 2001 and § 2002.

3. Venue lies in this District pursuant to Title 28 U.S.C. § 1391(b).

## III.   PARTIES

4. The Plaintiff, Robert F. Hart (hereinafter 'Plaintiff Hart' or 'Plaintiff'), is a natural person (individual) consumer pursuant to FDCPA, 15 U.S.C. § 1692a(3), who resides at 29081 U.S. Highway 19, North, Clearwater, FL 33761.

5. Defendant, Central Credit Services, Inc., (hereinafter 'Defendant Debt Collector'), is a debt collector doing business at 67 Charleston Square, St. Charles, MO 63304 and is a debt collector pursuant to 15 U.S.C. § 1692a(6), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

2

6.  Defendant, John Patrick, is an Employee of Central Credit Services (hereinafter 'Defendant Debt Collector'), is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Central Credit Services as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

7.  Defendant, Dan Cook, is an Employee of Central Credit Services (hereinafter 'Defendant Debt Collector'), is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Central Credit Services as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

8.  Defendant(s), John Doe, Jane Doe, One Up, employees of Central Credit Services are natural persons employed by, hired by, and/or otherwise associated with and work for and/or on behalf of Central Credit Services as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

9.  Defendant, American Coradius, Inc., (hereinafter 'Defendant Debt Collector'), is a debt collector doing business at 300 Essjay Road, Suite 150, Williamsville, NY 14221, and is a debt collector pursuant to 15 U.S.C. §

1692a(6), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

10. Defendant, Michael Gallion, is an Employee of American Coradius, Inc., (hereinafter 'Defendant Debt Collector'), is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of American Coradius, Inc., as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

11. Defendant(s), John Doe, Jane Doe, One Up, employees of American Coradius, Inc., are natural persons employed by, hired by, and/or otherwise associated with and work for and/or on behalf of American Coradius, Inc., as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

12. Defendant, Hudson & Keyse, L.L.C., (hereinafter 'Defendant Debt Collector'), is a debt collector doing business at 382 Blackbrook Road, Painesville, OH 44077, and is a debt collector pursuant to 15 U.S.C. § 1692a(6), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

13. Defendant, Steven R. Mitchell, is an Employee of Hudson & Keyse, LLC (hereinafter 'Defendant Debt Collector'), is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf

4

of Hudson & Keyse, LLC as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

14. Defendant(s), John Doe, Jane Doe, One Up, employees of Hudson & Keyse, LLC are natural persons employed by, hired by, and/or otherwise associated with and work for and/or on behalf of Hudson & Keyse, L.L.C., as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

15. Defendant, Behar, Gutt & Glazer, P.A. (hereinafter 'Defendant Law Firm'), is a law firm doing business at Concorde Center, II, 2999 Northeast 191st Street, Fifth Floor, Aventura, FL 33180 and is a debt collector pursuant to 15 U.S.C. § 1692a(6).

16. Defendant, Ryan D. Gesten, Esquire, is an Employee of Behar, Gutt, Glazer, P.A., (hereinafter 'Defendant Law Firm') is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Defendant Behar, Gutt, & Glazer, P.S., as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for his actions as a debt collector at all times relevant to this Complaint.

17. Defendant(s), John Doe, Jane Doe, One Up, employees Behar, Gutt, & Glazer, P.A., are natural persons employed by, hired by, and/or otherwise

associated with and work for and/or on behalf of Behar, Gutt & Glazer, P.A., as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

18. Defendant First North American National Bank (hereinafter referred to as Defendant Bank) is party to this law suit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champerty"). Defendant Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another. By the amount of filings by Defendant Law Firm clearly proves that Defendant Bank knew, should have known and approves of this Complaint filed against this Plaintiff. Defendant Bank is also party to this suit by the Doctrines of Respondeat Superior and Apparent authority. Defendant Bank is the master. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant Law Firm, Defendant Law Firm's agents and employees. Under the Doctrines of Respondeat Superior and Apparent Authority, Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

19. Defendant, Andrea Williams, is an Employee of First North American National Bank (hereinafter 'Defendant Bank') is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Defendant First North American National Bank as a debt collector, pursuant

to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for her actions as a debt collector at all times relevant to this Complaint.

20. Defendant, Nicole Carter, is an Employee of First North American National Bank (hereinafter 'Defendant Bank') is a natural person(s) employed by, hired by, and/or otherwise is associated with and works for and/or on behalf of Defendant First North American National Bank as a debt collector, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and is not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and is personally liable for her actions as a debt collector at all times relevant to this Complaint.

21. Defendant(s), John Doe, Jane Doe, One Up, employees First North American National Bank are natural persons employed by, hired by, and/or otherwise associated with and work for and/or on behalf of First North American National Bank as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

22. Defendant Chase Manhattan Bank (hereinafter 'Defendant Bank') is party to this law suit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champerty"). Defendant Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another. By the amount of filings by Defendant Law Firm clearly proves that Defendant Bank knew, should have known and approves of this Complaint filed against this

7

Plaintiff. Defendant Bank is also party to this suit by the Doctrines of Respondeat Superior and Apparent authority. Defendant Bank is the master. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant Law Firm, Defendant Law Firm's agents and employees. Under the Doctrines of Respondeat Superior and Apparent Authority, Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

23. Defendant(s), John Doe, Jane Doe, One Up, employees Chase Manhattan Bank are natural persons employed by, hired by, and/or otherwise associated with and work for and/or on behalf of Chase Manhattan Bank as debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

24. Defendant Law Firm has superior knowledge and many years of practice within the legal system as evidenced by Defendant Law Firm's website.

25. Defendant Law Firm has used his superior knowledge of the law with malice, intentional willful neglect for the law as it is written in his collection efforts against Plaintiff on behalf of Defendant Bank, knowing full well what he was doing was wrong, not in concert with any known law(s), and was morally deficient.

26. Defendant Law Firm has knowingly, intentionally, and willfully engaged in an affront against the rule of law, both Federal and State law, against Plaintiff to maliciously injure him, cause him stress, duress, mental aguish, financial

loss/hardship and much more that will be revealed within this Complaint, that one of his caliber SHOULD KNOW OR SHOULD HAVE KNOWN to be wrong and illegal.

27. Defendant Law Firm, being as educated and having accomplished so much in his career, seems to have been perfectly happy to risk his past performances and accomplishments while trampling upon the law and the rights of Plaintiff by his actions throughout the debt collection processes that he and Defendant Bank have initiated and pursued in direct opposition to the rule of law and proper legal procedures (to include the Rules of Evidence) against Plaintiff.

## IV.    **FACTUAL ALLEGATIONS**

28. Plaintiff received a letter from Defendant Bank dated November 15, 2003 stating that Plaintiff's alleged account was past due, and that if payment was not made, the past due status would be reported to the credit bureaus. (Please see Exhibit "A")

29. Plaintiff, on December 8, 2003, sent Defendant Bank Notice to cease and desist all further communication concerning the alleged debt, and that it was and remained disputed in its entirety. (Please see Exhibit "B")

30. Plaintiff received a letter from Defendant Bank, dated December 17, 2003, stating that the account was two (2) months past due. (Please see Exhibit "C")

31. Plaintiff, on or around December 8, 2003 sent Notice to Defendant Bank, with

a request for specific documentary evidence. Among the requests made, was one for the contract between he and Defendant Bank. (Please see Exhibit "D")

32. Plaintiff, on December 18, 2003, sent Defendant Bank a Second Notice, again stating that the alleged account was in dispute, the reasons why, and requesting specific documentary evidence. (Please see Exhibit "E")

33. Plaintiff received a letter from Defendant Bank, dated December 24, 2003, stating that Defendant either needed to pay the amount allegedly due, contact Consumer Credit Counseling to possibly lower his payment, or return goods purchased with the monies Defendant Bank allegedly loaned Plaintiff. (Please see Exhibit "F")

34. Plaintiff, on December 28, 2003, returned the card associated with the alleged account and requested that the alleged account be cancelled and all computer generated bookkeeping entries be deleted. Plaintiff also outlined for Defendant Bank that his primary reason for the request was that he believed he was a victim of Bank Fraud. (Please see Exhibit "G")

35. Plaintiff, in December 2003, sent Defendant Bank his Final Notice. Once again, Plaintiff requested Defendant Bank to validate the alleged debt by proof of the "loan" of a bank asset. Plaintiff also requested that their be no further contact until the alleged debt was validated. (Please see Exhibit "H")

36. Defendant Bank sent Plaintiff an unsigned form letter dated January 5, 2004 stating that the terms of the alleged agreement may not be altered without mutual consent, yet they have not offered a certified copy of this alleged

agreement. Defendant Bank also sets forth that they are in fact a National Banking Institution, yet they have offered no proof of this alleged "fact." (Please see Exhibit "I")

37. Plaintiff received a letter from Defendant Bank, un-dated, and signed by their agent Andrea Williams, stating that Plaintiff's use of the card constituted his acceptance of the terms of the alleged agreement. (Please see Exhibit "J")

38. Plaintiff received an unsigned form letter from Defendant Bank, dated January 20, 2004 stating that he had failed to comply with the terms of the alleged agreement between he and Defendant Bank, yet still failed to offer or produce a certified copy of the alleged agreement. (Please see Exhibit "K")

39. Plaintiff received a letter from Defendant Bank, dated January 30, 2004 and electronically signed by their agent Nicole Carter, stating that Plaintiff was indebted to Defendant Bank in the amount of $8,487.90, and also stated that Plaintiff must notify them within thirty (30) days of the date of the letter if the alleged debt or any portion thereof was disputed, failing to mention the disputes Plaintiff had previously sent. (Please see Exhibit "L")

40. Plaintiff received another letter, dated February 17, 2004 and once again electronically signed by their agent Nicole Carter, stating that Plaintiff had previously been notified of the amount of $8,671.81 being due, and that if the amount was not paid, the alleged account would be reviewed for suit. (Please see Exhibit "M")

41. Plaintiff received an unsigned for letter from Defendant Bank dated March 2, 2004 stating that the alleged account was seriously delinquent, and that

11

Plaintiff was in breach of their agreement, yet once again, failed to offer or produce a certified copy of the alleged agreement. Defendant Bank also, in attempt to coerce payment on an amount that remained un-validated, stated that Plaintiff could settle for less that the alleged total balance due if he contacted them within five (5) days of the date of the letter. (Please see Exhibit "N")

42. Plaintiff received another unsigned form letter from Defendant Bank, dated March 19, 2004, stating that unless sufficient payment is made, the alleged account will be charged off. (Please see Exhibit "O")

43. Plaintiff received yet another unsigned form letter from Defendant Bank, dated April 17, 2004, now purporting the alleged balance due as $9,051.66, and once again threatening a "charged off status" if sufficient payment was not made. (Please see Exhibit "P")

44. Plaintiff received an unsigned for letter from Defendant Bank, dated April 28, 2004, stating that the alleged account was seriously delinquent, and also stating that Plaintiff's "failure to accept responsibility for this matter has left two options," advising Plaintiff that he should either agree to a payment option, or have his alleged account referred to a third party debt collector. (Please see Exhibit "Q")

45. Defendant Bank subsequently sold or assigned the alleged account, prior to validation, to Central Credit Services, Inc. This conveyance is evidenced by the unsigned form letter received by Plaintiff dated May 18, 2004, stating that the alleged account had been "referred" to them for collection, ad that if their

was a dispute on the account, that they should be notified within thirty (30) days of the date of the letter. (Please see Exhibit "R")

46. Plaintiff, on May 17, 2004, sent Defendant Bank a Notice and Demand for Full Disclosure. Contained in this notice was Plaintiff's notice once again that that the alleged account was being disputed, and once again requests for documentary evidence were made. (Please see Exhibit "S")

47. Plaintiff, on June 28, 2004, sent Defendant Debt Collector a Cease and Desist Collection Activities Prior to Validation of Purported Debt, wherein Plaintiff notified Defendant Bank that the alleged account was in fact in dispute, and that documentary evidence had been requested on several occasions. (Please see Exhibit "T")

48. Central Credit Services, Inc. subsequently sold or assigned the alleged account to American Coradius, Inc. This conveyance is evidenced by the unsigned form letter received by Plaintiff dated August 20, 2004, wherein it is stated that the alleged account has now been placed with their office for collection, with the (yet to be validated) balance due now showing as $9,247.79. Also it is stated that the opportunity is being given to "amicably settle this account," and once again, Plaintiff is given the opportunity to dispute the alleged debt. (Please see Exhibit "U")

49. Plaintiff receive a letter from Defendant Debt Collector, dated December 2, 2004 and electronically signed by their agent Michael Gallion, stating that they would accept a settlement on the still to be validated debt, in the amount of $5,508.81. (Please see Exhibit "V")

50. American Coradius, Inc. subsequently sold or assigned the alleged account to Hudson & Keyse, LLC. This conveyance is evidenced by the letter received by Plaintiff un-dated and electronically signed by their agent Steven R. Mitchell, stating that they now own the alleged debt, and that they will postpone collection efforts to give Plaintiff and opportunity to make amicable arrangements to submit payment in full, or make amicable payment arrangements. (Please see Exhibit "W")

51. Plaintiff received another letter from Defendant Debt Collector, dated May 3, 2005 and once again electronically signed by their agent Steven R. Mitchell, with an offer to pay 50% of the alleged and still to be validated balance, now to be purported to be $11,394.29, the result of which would be the remaining 50% being "forgiven." (Please see Exhibit "X")

52. Hudson & Keyse, LLC subsequently sold or assigned the alleged account to Behar, Gutt & Glazer, P.A. This conveyance is evidenced by the letter received by Plaintiff dated July 12, 2005 signed by their agent Ryan D. Gesten, Esquire, stating that they now represent Defendant Debt Collector in the collection of the still to be validated debt, now purported to be in the amount of $11,838.18. Once again, Plaintiff is given thirty (30) days from the date of the letter to dispute the alleged debt, or any portion thereof. (Please see Exhibit "Y")

53. Plaintiff, on August 7 2005, sent Defendant Law Firm notification that the alleged account was in fact in dispute, and once again, as several times before, requested documentary evidence. Plaintiff, as on every other

14

occasion, noticed Defendant Law Firm that he was not in fact refusing to pay; only requesting validation. (Please see Exhibit "Z")

54. Plaintiff, on August 31, 2005, sent Defendant Law Firm a request to cease and desist all collection activity prior to the alleged debt being validated. (Please see Exhibit "AA")

55. Defendant Law Firm, on behalf of Defendant Bank, filed a civil suit in the County Court of the 6th Judicial Circuit in and for Pinellas County, Florida. (Please see Exhibit "AB")

56. Plaintiff, on December 29, 2005, filed his Answer to Complaint and Motion to Dismiss, in response to the civil suit Defendant Law Firm filed. (Please see Exhibit "AC")

57. Plaintiff then received notice that a hearing was scheduled on the above referenced matter for January 20, 2006. (Please see Exhibit "AD")

58. Plaintiff then received notice that the above referenced hearing had been postponed until March 17, 2006. (Please see Exhibit "AE")


# FIRST CLAIM FOR RELIEF

# FAIR DEBT COLLECTION PRACTICES ACT

# VIOLATIONS

# COUNT 1

59.   Plaintiff in promulgating this suit and in his limited capacity as a least sophisticated consumer under 1692e and under 1692d the least susceptible consumer, and hereby relies upon the various actions undertaken by said Defendants et. al., both seen and unseen, as provided for by document(s) and/or exhibit(s) attached. Coupled to the overall complexity arising there from, upon further discovery, the degree of implication or culpability otherwise expressed or implied may or may not be limited to such allegations as contained herein. This Honorable Court must take into account the true intentions of preventing these debt collection abuses under the passage of the Fair Debt Collection Practices Act and use Section 4 of the Federal Civil Advisory Inflationary Act of 1990, 28 U.S.C.§ 2461, as amended, which authorizes this Court to award monetary penalties of not more that $11,000.00 for each violation of the FDCPA and/or up to $1,000.00 per each violation under the statutory damages under Title 15 U.S.C.§ 1692k(d) under Congressional intent.

60.   Defendants, individually and/or collectively on numerous and varied occasions, in connection with the collection of an alleged debt that didn't even exist, let alone in default when obtained, maintained and/or otherwise controlled by Defendants. Defendant Law Firm and Defendant Bank, henceforth, engaged in an enterprise and/or conspiracy by employing false, deceptive, or misleading representations or means, in violation of, including but not limited to

FDCPA, **15 U.S.C. § 1692 et seq**, the **Florida Title 13, Chapter 494 and Florida Title 13, Chapter 501 et seq., Title 18 U.S.C. § 1341** and **Title 39 U.S.C.§§ 3001(d),(h),(i) and 3005.**

61. Defendant Bank, under the Doctrines of Respondeat Superior and Apparent Authority, in their capacity of MASTER, and/or under guise of a champertous relationship knew or should have known the actions, methods, measures and/or manner engaged by Defendant Law Firm under the supervision of Defendant Bank, whether direct or indirect, whole or in part, constituted a fraudulent enterprise by devise employed.

62. Defendant Law Firm has violated 1692e by committing fraud and perjury by improperly seeking judgment, asserting that they had holder in due course status and/or were in possession of legal negotiable instrument(s) that have yet to be produced.

63. Defendants Law Firm and Bank have committed fraud and perjury upon a Court of competent jurisdiction, by improperly pursuing a Complaint and seeking judgment, asserting that they have holder in due course status and/or other legal negotiable instrument(s) that they have yet to produce. 1692d(1)(2), 1692e(2)(A), e(5), e(10), e(9), e(13),and 1692f(1).

64. Defendants Law Firm and Defendant Bank are misrepresenting the "amount of the debt" by claiming that Plaintiff owes any money without proper documentations to prove the validity of their unauthorized,

17

illegal and immoral claim (1692e(2)(A)(B)), 1692f(1).

65. Defendant Law Firm and Defendant Bank violated 1692d, 1692e, 1692f, 1692j when they conspired in a deceptive, false, misleading, oppressive, and abusive use of authority (the Courts) by unjust persecution and wrongful use of civil procedure in which the natural consequence is to injure Plaintiff Hart in an attempt to collect on a debt; although Plaintiff Hart claimed many time that he had never signed any contract with Defendant Bank (Chase Manhattan Bank).

66. Defendant Law Firm, who takes their orders from Defendant Bank is directly liable for their actions under the FDCPA.

67. Defendant Law Firm and Defendant Bank have violated 1692f(1) by charging any amount of money not specifically outlined in the Contract or permitted by state law. Examples are Fees, interest, out of pocket expenses, principle unless the amount is expressly authorized by the agreement creating the debt.

68. By pursuing and seeking judgment through the court system in an attempt to coerce Plaintiff into paying the purported debt, Defendants Bank and Law Firm are in violation of 1692f (6)(A) and(C).

69. Defendant Law Firm has not reviewed the Plaintiff's files in violation of 1692e(2)(a), e(3), e(10) and 1692f(1).

70. Defendant Law Firm is attempting to collect attorney fees, interest and out of pocket expense without breaking down the charges in great detail, which is a violation of 1692e(2)(b) and 1692f(1).

71. Defendant Law Firm stated within their complaint filed in the County Court of the 6th Judicial Circuit in and for Pinellas County Florida on December 8, 2005 that Plaintiff Hart and Defendant Bank "entered into a contractual relationship" knowing that such an allegation was purely false and misleading, to the court and to Plaintiff Hart, violating 1692e(2)(a), e(3), e(5), e(10), d.

## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT II

72. Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

73. Defendant Law Firm and Defendant Bank, used false representation and illegal, (bordering on criminal conspiracy), documents as a deceptive means to collect unsubstantiated debt, 1692e(10), 1692e(3), 1692e(2)(A), 1692f(1) and 1692d(1).

74. Defendants' Law Firm and Bank, correspondence, that simulated legal process violated 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

75. Correspondence from Defendants Law Firm and Bank, which simulates legal process, is a violation of 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

76. Defendant Law Firm and Defendant Bank may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Title 15 U.S.C. §1692e.

77. Defendant Law Firm and Defendant Bank intentionally have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff Hart by deceptive (1692e) tactics in violation of Title 39 U.S.C. §3001(h),(i), and by using the U.S. Mail in order to deliver deceptive solicitations (extortion) sent through the United States Postal Service.

78. Defendant Law Firm and Defendant Bank, (hereinafter referred to as Defendants) have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §§3001, 3005 by mailing falsely created illegal documents that represented a false communication for the purpose of obtaining money or property that is delivered by the United States Postal Service.

79. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §3001(d) and 1692e(10),(13)1692d(1) and 1692f(1) and 1692d(1) by creating illegal Court documents.

80. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 18 U.S.C. §1341, 1692e(10), e(2)(A) and

1692f(1) by using a fraudulent scheme to collect a debt.

81. Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of §§1692d(1) 1692(10) and 1692e(5) and making Defendant's actions illegal and making criminal debt collection conduct actionable.

82. Defendants, et. al, having entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff, is actionable under mail fraud statute, tort laws, unfair trade practices statutes and is also a predicate offense for a civil RICO claim under The Federal Racketeer Influenced and Corrupt Organization provisions of the Organized Crime control Act of 1970.

83. Plaintiff suffered headaches, nausea, embarrassment, great emotional distress, whereby Plaintiff was unable to function normally, thereby developing insomnia, as well as other directly attributable maladies. The prevalence of nervousness, fear and worry, and stress-induced illness, along with other signs of uncertainty were rampant upon Plaintiff and his family.

84. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act (hereinafter referred to as FDCPA) and other law mentioned in the caption page of this Complaint.

85. Defendants Law Firm and Bank, et. al are "Debt Collectors" as defined by 15 U.S.C. §1692a(6).

86. Contacts made between Defendants and Plaintiff Hart are "communication(s)" relating to a "alleged debt" as defined by Title 15 U.S.C. §1692a(5) that does not exist with Defendant Bank (Chase Manhattan Bank).

87. Defendants, et. al, severally and collectively, violated 15 U.S.C. §1692(d),(e),(f),(g) and (j) by using and/or causing to be used communication(s) that threatened and intimidated Plaintiff and his family.

88. Defendants, Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the character of the debt.

89. Defendants, Law Firm and Bank, et. al, severally and collectively violated 1692e(2)(a) by falsely claiming that they have/had the holder in due course status and/or are/were the holder of proper assignment(s) in order to collect upon alleged debt.

90. Defendants Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a), 1692f(1) by false representation of the character, amount or legal status of the alleged debt.

91. Defendants Law Firm and Bank, et al, have violated 1692 e(3) by not reviewing the complete file.

92. Defendant Law Firm, if they had examined the entire file, including the Defendant's Banks accounting records and ledgers, would have realized that Defendant Bank does not have specific evidence to

conclusively prove that Defendant Bank lent Plaintiff Hart $1.00, $5.00, $10,000 or even conclusively prove that Defendant Bank does not owe Plaintiff Hart $9,247.79.

93. Defendants, Law Firm and Bank, et. al,, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the amount of the debt, the whole effect, substance, quantity, import, result, or significance thereof.

## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT III

94. Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

95. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692 e(2)(a) by false representation of the amount without any verifiable information concerning the alleged debt (Title 15 U.S.C. § 1692a (5)) by stating it as fact in writing when the real fact of the matter is Defendants, Law Firm and Bank, et. al, have NOT PRODUCED ANY ORIGINAL contract and/or agreement, no documents, no holder in due course status and HAVE NOT PROVEN THEY are the real party of interest on any alleged loan with Plaintiff Hart and Defendant Bank (Chase Manhattan Bank).

96. Defendants Law Firm and Bank, et. al, each violated 15 U.S.C.

§1692e(2)(a) by false representation of the Amount.

97. Defendants Law Firm and Bank, et. al., violated 1692e(5), (4) (14) and (10) by not having authority to commence legal action without proper legal documents.

98. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e(3) by having no requisite knowledge of the case, but rather, Defendant Law Firm upon FALSE, FRAUDULENT, INCORRECT, EXTORTIONATE, and scant information repeatedly pursued this claim, although Plaintiff disputed it from its incipience.

99. Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e, e(3), e(10) by using U.S. Mails to forward Letters to Plaintiff, misleading Plaintiff to believe Law Firm and Bank, et. al, had legal representation of entire case.

100.    Defendants Law Firm and Bank, et. al, severally and collectively, violated 15 U.S.C. §1692e(3) by falsely representing to Plaintiff, and/or other parties by and through the actions undertaken by said Defendants, that each had thoroughly examined the complete file.

101.    Defendants, Law Firm and Bank, et. al, severally and collectively, violated U.S.C. §1692e(2)(a) by falsely representing the character, the ethical qualities of the subject matter of the alleged Debt.

102.    Defendant Law Firm proves that he has violated 1692e(3) by not reviewing the files, if he had reviewed them thoroughly, he would have not initiated the fraudulent law suit for he would have realized that

the Debt was disputed several times.

103.     Defendants Law Firm and Bank, et. al, each violated 15 U.S.C. §1692e(2)(A) and 1692f(1) by filing a Complaint without substantiating the proper amount of the debt. Defendant Law Firm and Bank can not prove that Plaintiff Hart owes Defendant Bank (Chase Manhattan Bank) or even if Defendant Bank (Chase Manhattan Bank) owes Plaintiff Hart any money at all.

104.     Defendants Law Firm and Bank, et. al., each violated §1692e(2)(B) by false representation of any service rendered or compensation, which may be lawfully received by any Debt Collector for the collection of Debt.

105.     Defendants Law Firm and Bank, et. al., severally and collectively violated §1692e(2)a, (5) and (10) (deceptive and false) by filing legal action based upon no verified information.

106.     Defendants, Law Firm and Bank, et. al, violated §1692e(2)(b), f(1) by false representation of service rendered or compensation, which may or may not be lawfully collected by any Debt Collector for the collection of debt, and by not showing a detailed total of the costs Defendants Law Firm and Bank, et. al. plan to invoice.

107.     Defendants Law Firm and Bank, et. al. severally and collectively, violated §1692e(13) by representing to have original documentations when in fact, Defendants have not produced any original documents showing judgments against Plaintiff Hart, or other

25

documentation referenced by Defendant Law Firm and Defendant Bank. 1692(10).

108.        Defendants, Law Firm and Bank, et. al,, violated §1692e(2)(a) and f(1) by filing a legal action against Plaintiff Hart for a high sum of money when Defendants can not prove that Plaintiff Hart owes them anything, or if Defendant Bank owes Plaintiff Hart.

109.        Defendants Law Firm and Bank, et. al., violated §1692e(2)(a), 1692e(10) and 1692e(13) by representing or implying that Defendants have the original documents when in fact they do not.

110.        Defendants Law Firm and Bank, et. al., have not produced any legal status of the debt in violation of 1692e(2)(a) and can not produce any verifiable documentation (signed contract, accounting ledgers and entries).

111.        Defendants Law Firm and Bank, et. al., cannot substantiate the actual existence of the original contract or agreement nor can they prove that any one of the Defendants is the holder in due course to collect the alleged Debt, a violation of 15 U.S.C. §1692 et seq.

112.        Defendant Law Firm et. al, has violated 1692e(3) by representing themselves as attorneys, which implies more authority than a Debt Collector and Defendant Law Firm knew and/or should know that his law firm was breaking both state and federal laws.

113.        Defendants Law Firm and Bank, et. al, having direct interest by enterprise therein, precipitously filed illegal documents in order to

receive a judgment, usurping due process otherwise afforded Plaintiff, as a means to upset or cause emotional distress or physical symptoms (i.e. headaches, loss of sleep.) 1692c,d,e,f,g,j and i.

114.    Defendants Law Firm and Bank, et. al., are in violation of 15 U.S.C. §1692e(3) by false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney.

115.    Defendants Law Firm and Bank, et. al., have violated 15 U.S.C. §1692e(3), e(10), 1692d(1), and mail fraud by false representation that all Communications are from an attorney who has completely reviewed the files. The fact of receiving Notice initiated by Defendants Law Firm and Bank, et. al., caused Plaintiff to conclude that they were using the U.S. Mail in an attempt to extort money from Plaintiff Hart.

116.    Defendants Law Firm and Bank, et. al., are in violation of U.S.C. 15 §1692f(1) as they have produced no legal documentation to prove this Debt.

117.    Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692f(1), §1692e(2)(A) and sub-section 1692d(1) by not providing any copies of documentation in which to substantiate their alleged claim.

118.    Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692g for denying Plaintiff Hart proper validation of Debt.

27

119.     Defendants Law Firm and Bank, et. al., each violated 15
U.S.C. §1692g by making a threat of suit in defiance of the debt
validation request(s) in a manner that overshadowed the Notice of
validation rights and would create confusion for a least sophisticated
consumer regarding their rights.

120.     Defendants Law Firm and Bank, et. al., each violated U.S.C.
§1692g(b) by failing to provide verification of the debt and continuing
Debt collection efforts after the Plaintiff had disputed the Claim.

121.     Defendants Law Firm and Bank, et. al., each violated 15
U.S.C. §1692g(b) by failing to provide verification of the Debt and/or
continuing Debt collection efforts by filing a Complaint against Plaintiff
Hart after he was confused concerning his validation rights under the
FDCPA.

122.     Defendants Law Firm and Bank, et. al., violated 15 U.S.C.
§1692 et seq., in that they have no legal standing to bring a claim as
they have not been honest and forthright in their pursuit.

123.     As a result of the above violations of the FDCPA, all
Defendants' are severally and/or collectively liable to the Plaintiff for
damages that Defendant's conduct violated the FDCPA, and Plaintiff's
actual damages, statutory damages and cost.

124.     Defendants actions in inflating the amount of the debt further
violated 15 U.S.C. §1692f(1) in that Defendants et. al., were and are
attempting to collect a sum, including any interest, fee charge or

expense incidental to the principle obligation that was not authorized by the expressed agreement and or contract.

125.    Defendant's et. al., lack the original agreement and/or contract to bring a claim and in complete disregard of the FDCPA in its entirety.

126.    Even if Plaintiff was indeed liable to Defendants et. al., Plaintiff would be liable in far less amount being demanded by said Defendant(s) violation of 1692f(1).

127.    Defendant's action(s) were and are false and misleading representation (1692e) and were deceptive and unconscionable (1692f(1)).

128.    All the actions specifically undertaken by Defendants Law Firm and Bank, et. al., as otherwise supported, directed, supervised and/or controlled by the cabal of one or more of the above captioned Defendants, violated 15 U.S.C. §1692f as an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

129.    The entire actions of Defendants, by and through the collaborative efforts of each and every above captioned Defendant as may have been severally and/or collectively involved, violated 15 U.S.C. §1692e in that the actions were false, deceptive and gave a misleading representation in that the Defendants et. al., did not provide any documentary evidence to validate that Plaintiff owed defendants

29

anything, 1692f(1).

130. Defendants et. al. caused Plaintiff a great deal of emotional distress, by, subjecting Plaintiff to public ridicule, embarrassment, and mental anguish.

131. Defendants et. al., have used the Courts illegally and the courts should conduct their own sanctions hearing for these inexcusable actions.

132. Defendant Law Firm et. al. should have their licenses suspended for their wanton disregard of the law, the fraud committed upon the court, and the direct violations of Plaintiff's Constitutional rights.

133. Defendants' et. al., acts as described above, were done intentionally with the purpose of coercing and harassing Plaintiff into paying an alleged Debt.

134. As a result of the above violations, the Defendants, et. al., are liable to the Plaintiff for declaratory judgment that Defendants conduct violated the State Acts, Federal Acts and Plaintiff should be awarded actual damages, punitive damages, statutory damages and any other cost this honorable court can bestow upon these debt collecting law breakers.

135. Defendants, et. al., knew and/or should have known of the illegalities they have perpetuated with regard to our federal and state laws. Defendants, et. al., should be disciplined and or disbarred for their knowing and malicious vagrant lack of adherence to the laws and assault upon Plaintiff.

136. Defendants' Law Firm and Bank', et. al., acts were performed intentionally for the purpose of coercing and harassing Plaintiff into paying the alleged, fraudulent Debt on behalf of Defendant Bank (Chase Manhattan Bank) when Plaintiff Hart stated numerous times that he has never signed any agreement with Defendant Bank (Chase Manhattan Bank).

137. As a result of the above violations, the Defendants, Law Firm and Bank, et. al, are liable to the Plaintiff for injunctive and declaratory relief, actual damages, punitive damages, statutory damages, costs and fees in the amount of $50,000.00.

138. In addition to the above violations, Defendant Bank is in violation of "Vicarious Liability under the Doctrine of Respondeat Superior" for the actions of its agents, servants and/or employees and directly supervised, controlled, managed and administrated the directions and/or orders to Defendant Law Firm, et. al.

139. Defendant Bank made the decision that Plaintiff Hart should be sued by Defendant Law Firm et. al.    Defendant Law Firm based his information upon the order of Defendant Bank upon reviewing at best only cursory lawyer information containing consumers name, address and the amount of alleged debt.  Defendants, Law Firm and Bank, et. al., records will clearly show that the greatest majority of names supplied by all mentioned Defendants are using the same exact form letters substantiating all mentioned Defendants involvement and/or

approval. BANK IS RESPONDEAT SUPERIOR.

140. If BANK did not approve of the criminal actions of Defendant Law Firm et. al., then BANK would not have allowed Defendant Law Firm et. al., to use boiler plated communications and violate state and federal law. BANK is directly liable for the criminal activities of their agents, the agent's employees both individually as well as in their corporate capacity. BANK is not the innocent party they will try to portray but are the real controlling parties of this case through champerty, maintenance and they are the masters, the RESPONDEAT SUPERIOR and hold the Apparent Authority.

141. Defendant Law Firm's et. al., strong desire to satisfy their master, the BANK, to secure additional actions in the future and with their approval conspired with all the Defendants to eliminate the constitutional protections of Plaintiff and through faulty documents illegally sold the purported debt of Plaintiff for unjust enrichment under the orders of the Respondeat Superior, BANK.

142. Defendants, Law Firm and Bank, et. al., by representing legal process was in order, conspired in complete disregard of their Professional Ethics Code and have engaged in unlawful deceptive and criminal activities, knowingly and intentionally with willful criminal intent in order to cause Plaintiff great harm to the physical person, reputation, or property or any person. Title 15 U.S.C. § 1692d(1).

143. Defendants Law Firm and Bank, et. al., and all other mentioned

32

Defendants hereby have violated the criminal provisions of Civil Rico, and Mail fraud.

144. Defendants Law Firm and Bank, et. al., and all other mentioned defendants hereby have violated the "susceptible consumer" standard used in section 1692d by clearly taking advantage of Plaintiff's lack of legal sophistication as an analogous to the "least sophisticated consumer" standard used in 1692e.

145. Defendants Law Firm and Bank, et. al., and all mentioned Defendants hereby have violated 1692d(2) because of their conduct of using written communication that is masquerading as Court documents; the natural consequence of which is to abuse the hearer or reader. (1692d).

146. Defendants Law Firm and Bank knew or should have known that it would be virtually impossible to collect a debt unless Plaintiff Hart has some fear of legal action, judges, or lawyers; and by oppressive, abusive, harassing, false and misleading representation, and unfair and unconscionable actions taken by Defendants to extort money from Plaintiff Hart without any supporting documentation at all to conclusively prove the legal status, character and legal amount of the debt in violation of 1692d, 1692e, 1692f and all the other provisions of the FDCPA and state statutes referenced in this Complaint.

147. Defendant Law Firm with the approval of Defendant Bank knew and should have known that Plaintiff Hart was not legally liable to pay